IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSUE HERNANDEZ                                                           PLAINTIFF

            v.                  Civil No. 06-5180

SGT. SHARIUM, Bethel Heights
Police Department; and
SHERIFF KEITH FERGUSON                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Josue Hernandez, an inmate in the Benton County Detention Center (BCDC), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendants.

On November 3, 2006, the undersigned entered an order directing the plaintiff to complete, sign, and return an addendum to his complaint (Doc. 5). The addendum was filed on November 15, 2006 (Doc. 6).

**I. Background**

Hernandez contends Sgt. Sharium of the Bethel Heights Police Department used excessive force against him on April 21, 2005. Specifically, Hernandez contends that during a traffic stop Sharium dragged Hernandez from his vehicle, threw him on the ground, and struck him across the head with a gun. *Addendum* at ¶ 3.

Because Hernandez did not describe any actions taken by Sheriff Ferguson, he was asked to explain in detail how Ferguson violated his federal constitutional rights. *Addendum* at ¶ 7. Hernandez replied that Ferguson is the head supervisor over Benton County. *Id.* As Hernandez

-1-

was "beaten" by a member of the Bethel Heights Police Department, he contends he fears for his life everyday while incarcerated in Benton County. *Id.*

## II. Discussion

Hernandez's claim against Sheriff Ferguson is subject to dismissal. A claim of deprivation of a constitutional right cannot be based on a respondeat superior theory of liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

There is no allegation that Sheriff Ferguson was involved in any way in the actions taken by Sharium. Sharium is not employed by the Benton County Sheriff's Office and was not trained or supervised by Sheriff Ferguson.

## III. Conclusion

I therefore recommend Hernandez's claims against Sheriff Ferguson be dismissed on the grounds that the claims are frivolous and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). However, we note that service of the complaint on Sgt. Sharium will be directed by separate order.

**Hernandez has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hernandez is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)