IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSUE HERNANDEZ                                                                                    PLAINTIFF

v.                                         Civil No. 06-5180

SGT. SHARUM, Bethel Heights
Police Department                                                                                   DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Josue Hernandez (hereinafter Hernandez), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Hernandez maintains the defendant used excessive force against him during an arrest on April 21, 2005, in Benton County, Arkansas.

Defendant filed a motion for summary judgment (Doc. 27). To assist Hernandez in responding to the motion, I entered an order (Doc. 39) directing Hernandez to complete, sign, and return the attached questionnaire that would serve as his response to the summary judgment motion. Hernandez filed a response to the court's questionnaire (Doc. 45). Defendants filed a reply brief (Doc. 46). The case is currently before the undersigned for the issuance of a report and recommendation on the summary judgment motion.

**I. BACKGROUND**

On April 21, 2005, in Benton County, Arkansas, Hernandez was arrested by Officer Sgt. Sharum of the Bethel Heights Police Department. *Plaintiff's Response* (Doc. 45)(hereinafter *Resp.*) at ¶ 1. Hernandez was driving a 1999 Gold SUV Tahoe late at night and noticed Sharum's patrol car behind him with its flashing lights on. *Id.* at ¶ 2.

Hernandez alleges he initially did not stop or pull over because he had heard of officers in the area being prejudice and discriminating against certain races. *Resp.* at ¶ 3. He alleges he was scared for his well being. *Id.* at ¶ 4.

Hernandez kept going until Sgt. Sharum rear-ended him. *Complaint* (Doc. 1) at pages 4-5. Hernandez then put his hands up and surrendered. *Resp.* at ¶ 5.

After Hernandez put his hands up, he alleges Sgt. Sharum broke his driver's side window using his gun, then opened the door, dragging Hernandez out. *Resp.* at ¶ 6. Hernandez alleges Sharum then struck Hernandez across the head with his gun leaving Hernandez with head injuries including a concussion. *Id.* at ¶ 7. Hernandez states he also received a gash across his head and a swollen lip. *Id.*

Hernandez was arrested and charged with felony fleeing and criminal mischief in the second degree. *Resp.* at ¶ 8. Hernandez was taken to the hospital, Mercy Northwest Medical, in Bentonville, Arkansas, because he indicated he needed medical treatment. *Id.* at ¶ 9. He was eventually found not guilty on the felony fleeing charge and sentenced to twenty years incarceration in the Arkansas Department of Correction on the criminal mischief charge. *Id.* at ¶ 10.

Fred Jack is the mayor of Bethel Heights, Arkansas. *Defts' Ex.* A. The Bethel Heights Police Department non-deadly physical force policy section 40.2(e) provides that: "No officer shall use more force than is necessary and reasonable under the circumstances." *Resp.* at ¶ 12.

Hernandez contends Sharum used excessive force against him by striking him in the back of the head while he was face down on the ground not resisting. *Resp.* at ¶ 14. After his vehicle came to a stop, Hernandez states his hands went up in the air and he was not resisting. *Id.* He states he suffered a gash across the head and a swollen lip. *Id.* He states it took about three

AO72A
(Rev. 8/82)

weeks for him to recover from the injuries. *Id.*

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

## III. DISCUSSION

Defendant has moved for summary judgment. Defendant first maintains the complaint does not specifically name him in his individual capacity. He therefore contends the lawsuit is against him in his official capacity only. As there is no proof of a policy or custom which was the moving force behind the alleged constitutional violation, defendant maintains he is entitled to summary judgment on the official capacity claim. Altenatively, assuming without conceding,

that Hernandez has properly pled an action against him in his individual capacity, defendant argues he is entitled to qualified immunity. (Doc. 28) at page 4.

### *Individual and Official Capacity Claims*

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S. Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S. Ct. at 362.

*Gorman*, 152 F.3d at 914.

that Hernandez has properly pled an action against him in his individual capacity, defendant argues he is entitled to qualified immunity. (Doc. 28) at page 4.

### *Individual and Official Capacity Claims*

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S. Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S. Ct. at 362.

*Gorman*, 152 F.3d at 914.

AO72A
(Rev. 8/82)

As pointed out by the defendant, the Eighth Circuit has advised plaintiffs to specifically plead whether government agents are being sued in their official or individual capacities to ensure prompt notice of potential personal liability. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). *See also Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999)(In actions against officers specific pleading of individual capacity is required to put public officials on notice they will be exposed to personal liability). When the plaintiff fails to state whether he is suing an official in his individual capacity, the Eighth Circuit has construed the claim to be against the official in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 620 (8th Cir. 1995)("*Nix* requires that a plaintiff's complaint contain a clear statement of her wish to sue defendants in their personal capacities. Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient.").

A review of the complaint in this case shows that plaintiff has failed to specifically plead whether the Sharum was being sued in his official or individual capacity. However, the complaint does include a request for punitive damages. *Complaint* (Doc. 1) at page 4. Punitive damages are, of course, not available against a governmental entity. *Cit of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981). Additionally, in responding to the summary judgment motion, Hernandez has made clear that he intended to assert both an individual and official capacity claim against Sharum. *Resp.* at ¶ 15. We therefore believe it is appropriate to construe Hernandez's complaint to be asserting both individual and official capacity claims.

AO72A
(Rev. 8/82)

As noted above, official capacity claims are the equivalent of claims asserted against Bethel Heights. Under § 1983, a governmental entity may not be held vicariously liable for the unconstitutional acts of employees. However, a governmental entity may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional policy or custom. *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir.1998).

Thus, Bethel Heights would be liable for Sharum's conduct only if it had a policy or custom that caused Hernandez's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff must show that the Bethel Heights "through its deliberate conduct ... was the 'moving force' behind the injury alleged." *Brown*, 117 S. Ct. at 1388.

"[I]naction or laxness can constitute government custom if it is permanent and well settled." *Tilson v. Forrest City Police Dept.*, 28 F.3d 802, 807 (8th Cir. 1994)(citation omitted). "Such a government custom of laxness or inaction must be the moving force behind the constitutional violation." *Id.* A governmental body may also be held accountable based on a failure to train and supervise adequately under certain circumstances. *City of Canton v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

In this case, Hernandez maintains Sharum's "practice . . . violated [his] constitutional rights and violated several policies and procedures." *Resp.* at ¶ 13. Hernandez then outlines the various policies and procedures of the Bethel Heights Police Department that he believes Sharum's conduct on the day in question violated. *Resp.*, Exhibit 1 pages 3-14. Hernandez does

not maintain any of the policies or procedures are unconstitutional or were the moving force behind the constitutional violations. Instead, Hernandez contends that Sharum failed to follow, or violated, the policies and procedures of the policy department. This does not show the existence of a policy or custom on the part of Bethel Heights. Any suggestion of the existence of a basis to hold Bethel Heights liable is wholly lacking. There is simply nothing from which we could conclude a genuine issue of fact exists as to the Bethel Height's liability. Defendant is therefore entitled to summary judgment on the official capacity claims.

### *Qualified Immunity*

As noted above, Sharum alternatively argues that he is entitled to qualified immunity. "Qualified immunity is a defense available to government officials who can prove that their conduct did 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Carroll v. Pfeffer*, 262 F.3d 847, 849 (8th Cir. 2001)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 112 S. Ct. 534, 537, 116 L. Ed. 2d 589 (1991)(*quoting, Malley v. Briggs*, 475 U.S. 335, 343, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)). The inquiry is normally one of pure law. *J.H.H. v. O'Hara*, 878 F.2d 240 (8th Cir. 1989).

"The determination of whether a state actor is entitled to the protection of qualified immunity is a two-step process." *Washington v. Normandy Fire Protection Dist.*, 272 F.3d 522, 526 (8th Cir. 2001). The first step is to determine whether, viewing the facts in the light most favorable to the plaintiff, the officers' conduct violated a constitutional right." *Samuelson v. City of New Ulm*, 455 F.3d 871, 875 (8th Cir. 2006). *See also Saucier v. Katz*, 533 U.S. 194, 121 S.

Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). Second, "[i]f a constitutional right has been violated, we must then determine if such right was clearly established." *Samuelson*, 455 F.3d at 875 (citation omitted). "This second step is a fact-intensive inquiry and must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* (internal quotation marks and citations omitted).

Hernandez contends Sharum violated his constitutional right to be free from excessive force during the course of his arrest. "All claims that law enforcement officers have used excessive force in the course of an arrest or investigatory stop of a free citizen should be analyzed under the reasonableness standard of the Fourth Amendment." *Winters v. Adams*, 254 F.3d 758, 764 (8th Cir. 2001)(citation omitted). *See also, Henderson v. Munn*, 439 F.3d 497, 502 (8th Cir. 2006).

"Police officers are liable for the use of excessive force when they use force that is not objectively reasonable in light of the facts and circumstances confronting them." *Goff v. Bise*, 173 F.3d 1068, 1073 (8th Cir. 1999)(citations omitted). In *Lawson v. Hulm*, 223 F.3d 831 (8th Cir. 2000), the court stated:

> Although there can be no question that the Fourth Amendment prohibits unreasonable seizures of the person, it is also well established that "not every push or shove violates the Fourth Amendment. The applicable test is "whether the force used to effect a particular seizure is reasonable." In the context of a claim of excessive force, the "reasonableness" inquiry must be an objective one in that the court must only evaluate "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."
>
> The "'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation."

-8-

*Lawson*, 223 F.3d at 834 (citations omitted).

The use of some force by police is reasonable when an arrestee flees, resists arrest, or disobeys orders. *See e.g., Foster v. Metropolitan Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir. 1990). The lack of injury or a minor degree of injury is also relevant in determining whether the force used was excessive. *Id.* Additionally, the court may consider whether any injury suffered is explained by the arrestee's own actions. *See e.g., Greiner v. City of Champlin*, 27 F.3d 1346, 1355 (8th Cir. 1994).

In this case, although Sharum makes the statement that he is presenting the alternative arugment in favor of qualified immunity in his brief, he presents no use of force reports, arrest reports, affidavits or other materials in support of his claim of qualified immunity. (Doc. 28) at page 4. In fact, he does not support his alternative argument in favor of qualified immunity at all.[1] *Id.*

In contrast, Hernandez's summary judgment response is sworn to under penalty of perjury. Hernandez states he was struck in the back of the head while he was face down on the ground and not resisting. *Resp.* at ¶ 14. He maintains he suffered a gash across his head and a swollen lip. *Id.* Hernandez has submitted medical records showing that he was treated at the hospital following the arrest for a head contusion. *Resp.*, Exhibit 2.

At the summary judgment stage, we must view the evidence in the light most favorable to the nonmoving party. *See e.g., Henderson,* 439 F. 3d at 503. Based on the record before us,

---

[1] In his reply brief, the issue of qualified immunity is not addressed except in a footnote. In the footnote, Sharum requests an opportunity to file an answer raising the defense of qualified immunity and any other applicable defenses if the complaint is construed to be asserting an individual capacity claim. The reply brief (Doc. 46) does not mention the alternative argument in favor of qualified immunity raised in the the original brief (Doc. 28 at page 4) in support of his summary judgment motion.

we believe a genuine issue of material fact exists concerning whether the amount of force used was excessive. Hernandez was on the ground in a prone position and not resisting. *Cf. Henderson v. Munn*, 439 F.3d 497, 502-03 (8th Cir. 2006)(upholding the denial of summary judgment based on an arrestee's evidence regarding the use of pepper spray while he was under control).

## V.  CONCLUSION

I therefore recommend that the motion for summary judgment (Doc. 27) be granted in part and denied in part. I first recommend that Hernandez's complaint be construed to be asserting both an official and an individual capacity claim against Sharum. I then recommend the summary judgment motion be granted with respect to the official capacity claim against defendant. Finally, I recommend the motion be denied with respect to the individual capacity claim against defendant.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of August 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)